IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRIS J. JACOBS III,

                                                                       OPINION and ORDER

                Petitioner,

                                                                       16-cv-589-bbc

     v.

UNITED STATES CONGRESS,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Chris J. Jacobs III, a prisoner at the Columbia Correctional Institution, has filed what he has labeled as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges his 1998 conviction for kidnapping and false imprisonment. Because petitioner has already filed five other such petitions in this court, all raising the same challenges to his conviction, this petition must be dismissed.

      Included in the petition are challenges to two statutes, the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Prisoner Litigation Reform Act (PLRA), which petitioner says have barred him from seeking any meaningful relief or review of his claims stemming from that same conviction. Petitioner's challenge to the PLRA is outside the scope of his petition and his challenge to AEDPA fails because it is precluded by Supreme Court precedent. Thus, these purported claims must be dismissed along with the petition.

OPINION

Petitioner calls his case a habeas corpus petition "and/or § 1983 (to change the laws) and/or Class Action" on behalf of himself "and other inmates across the US." He further characterizes it as "a lawsuit challenging the laws of the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Prisoner Litigation Reform Act (PLRA)." He asks for his release from state custody and asks also "that the AEDPA and PLRA be amended so it's available to inmates." I will evaluate his habeas corpus petition, and then his challenges to the statutes.

A. Habeas Corpus Petition

I told petitioner in cases nos. 16-cv-619-bbc, 15-cv-034-bbc, 10-cv-805-bbc and 09-cv-32-bbc that he had filed a habeas corpus petition challenging this same conviction and sentence in 2006 and that that petition had been dismissed with prejudice because it was untimely. Jacobs v. Schneiter, 06-cv-74-jcs, Op. & Order, dkt. #23 (W.D. Wis. Aug. 29, 2006). Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application in the district court unless he first obtains an order from the appropriate court of appeals authorizing the district court to consider the application. Petitioner does not say that he has done this. A "second or successive" petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. In re Page, 179 F.3d 1024, 1025 (7th Cir. 1999). In petitioner's case, his 2006 dismissal with prejudice for untimeliness was "on the merits" because, in that

2

situation, "[a petitioner] has no further opportunity to obtain a disposition on the merits of his or her claims in the state courts." Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005). Accord Carter v. United States, 150 F.3d 202, 205-06 (2d Cir.1998); Hawkins v. Evans, 64 F.3d 543, 547 (10th Cir. 1995). Accordingly, petitioner cannot proceed on this petition. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

I again remind petitioner that if he still wishes to bring another challenge to his 1998 conviction or sentence, he may only do so if he first obtains authorization from the Court of Appeals for the Seventh Circuit. For a more detailed description of the procedure to follow, petitioner should read Rule 9 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2244(b)(3) and (4). If he chooses to do this, the proper respondent to name would not be the United States Congress, but the prison warden or other state officer who is currently responsible for petitioner's custody. Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

### B. Statutory Challenges

Petitioner contends that both the PLRA and AEDPA "have so many restrictions that [he] cannot get into court." Reading his petition liberally, I understand that he is complaining that (1) because he has "three strikes" under the PLRA, he is unfairly barred

from bringing additional *in forma pauperis* constitutional or other civil claims; and (2) because of AEDPA's one-year statute of limitations and restrictions upon successive petitions for habeas corpus, he has been unable to obtain meaningful review of his conviction or sentence.

The PLRA does not apply to petitions for habeas corpus, so petitioner has no reason to challenge it in this case. In any event, the challenges petitioner is raising have all been rejected by the Supreme Court of the United States. See, e.g., Coleman v. Tollefson, 135 S. Ct. 1759 (2015) (affirming PLRA's three-strike bar to successive suits *in forma pauperis*, even where third prior dismissal is subject to pending appeal); McQuiggin v. Perkins, 133 S. Ct. 1924 (2013) (carving out "actual innocence" exception to AEDPA's otherwise valid one-year statute of limitations for habeas corpus petitions); Felker v. Turpin, 518 U.S. 651 (1996) (holding AEDPA's restrictions on "second or successive" habeas petitions to be constitutional); Turner v. Brown, No. 15-1592 (7th Cir. Jan. 3, 2017) (applying both untimely and successive restrictions in affirming district court's denial of habeas petition). Therefore, these challenges must be dismissed with the petition.

ORDER

IT IS ORDERED that the petition of Chris Jacobs III for a writ of habeas corpus is DISMISSED for petitioner's failure to obtain the authorization required by 28 U.S.C. § 2244(b)(3)(A) before he filed it.

Entered this 8th day of February, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge